**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7740**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONNIE GENE STUCKEY, JR.,

Defendant - Appellant.

**No. 21-6212**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONNIE GENE STUCKEY, JR.,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:07-cr-00095-RGD-JEB-1)

Submitted: September 14, 2021            Decided: October 1, 2021

Before AGEE, FLOYD, and HARRIS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Donnie Gene Stuckey, Jr., Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Donnie Gene Stuckey, Jr., challenges the district court's orders denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, and his subsequent motion for reconsideration of that denial. In his motions, Stuckey raised several arguments, including that his serious medical conditions made him particularly vulnerable to COVID-19 and that his post-sentencing rehabilitation established that release was appropriate. The district court determined that Stuckey's medical conditions did not present extraordinary and compelling reasons for his release even though some of those conditions—particularly his obesity and atrial fibrillation—placed him at higher risk of complications from COVID-19. The court also found that the 18 U.S.C. § 3553(a) factors did not weigh in favor of Stuckey's release, given the serious nature of his underlying narcotics and firearms offenses and his extensive criminal history. For the reasons that follow, we vacate the district court's orders and remand for further proceedings.

The district court may reduce a term of imprisonment under § 3582(c)(1)(A)(i) if "extraordinary and compelling reasons warrant such a reduction." The court must also consider the § 3553(a) factors "'to the extent that they are applicable.'" 18 U.S.C. § 3582(c)(1)(A). We review the denial of a motion for compassionate release under § 3582(c)(1)(A)(i) for an abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies

3

on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

While there is no "categorical . . . requirement" that a district court explicitly address each of the defendant's arguments in support of his compassionate-release motion, a court "must adequately explain the chosen sentence to allow for meaningful appellate review" in light of the circumstances of the particular case. *United States v. High*, 997 F.3d 181, 187-88 (4th Cir. 2021) (internal quotation marks omitted). When a case is "relative[ly] simpl[e]," this requirement is satisfied if the court's order shows that it "was aware of the arguments, considered the relevant sentencing factors, and had an intuitive reason" for denying the motion. *Id.* at 190-91 (emphases and internal quotation marks omitted). However, when a defendant "present[s] a 'significant amount of post-sentencing mitigation evidence,' . . . 'a more robust and detailed explanation'" is required. *Id.* at 190 (quoting *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019)) (brackets omitted).

Here, the district court's explanation does not reflect that it considered Stuckey's immunocompromised status due to his Vogt-Koyanagi-Harada disease and his use of corticosteroids to treat that condition. *See* Centers for Disease Control & Prevention, COVID-19: *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 30, 2021) (explaining that an immunocompromised state, as well as "[p]rolonged use of corticosteroids," can increase the risk of severe illness from COVID-19). Moreover, in reaching its conclusion that Stuckey had not shown a particularized susceptibility to COVID-19, the district court relied in part on statements in his medical records that he felt

4

"safe in his environment"; however, these statements were made in February 2019 and January 2020 and were not related to Stuckey's concerns regarding his susceptibility to COVID-19. Moreover, the fact that Stuckey had not previously suffered many complications from his medical conditions does not mean that he would not be at more serious risk than a person without those conditions if he were to contract COVID-19. Finally, Stuckey presented a "mountain of new mitigating evidence" that the district court did not address, including a letter from his prison counselor praising Stuckey's "dependable," "conscientious," and "consistent" behavior and noting that inmates came to him "for positive guidance and advice"; evidence of Stuckey's employment as the "head orderly" in his housing unit, "a 'trusted' job position for inmates"; his prison counselor's opinion that he was "more than prepared for society"; and documentary evidence that he had completed his GED and had successfully completed nineteen educational courses. *See Martin*, 916 F.3d at 396-97 (remanding for district court to provide an "individualized explanation for why Martin's steps toward rehabilitation" did not warrant relief when she presented a "mountain of new mitigating evidence that the sentencing court never evaluated"). We are therefore unable to conduct a "meaningful appellate review" in light of the particular circumstances of this case. *See High*, 997 F.3d at 189.

We thus vacate the district court's orders and remand for further proceedings. We express no view as to the merits of Stuckey's compassionate release motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

5